[Civ. No. 1913. Third Appellate District.—January 26, 1920.]

CUTHBERT BURREL COMPANY (a Corporation), et al., Respondents, v. THE PEOPLE'S DITCH COMPANY (a Corporation), et al., Appellants.

[1] WATERS AND WATER RIGHTS—PRESCRIPTION—EXCESSIVE DIVERSION. Judgment and order reversed on the authority of *Stinson Canal & Irr. Co.* v. *Lemoore Canal & Irr. Co. et al.,* and *Stinson Canal & Irr. Co. et al.* v. *People's Ditch Co. et al., ante,* p. 241.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order restraining defendants from diverting more than a specified amount of water from a certain stream. George E. Church, Judge. Reversed.

The facts, except those relating to the riparian character of the lands of plaintiffs, are the same as those stated in *Stinson Canal & Irr. Co.* v. *Lemoore Canal & Irr. Co. et al.,* and *Stinson Canal & Irr. Co. et al.* v. *People's Ditch Co. et al., ante,* p. 241.

E. C. Farnsworth, L. L. Cory and H. Scott Jacobs for Appellant.

Short & Sutherland, Frank H. Short, W. A. Sutherland and M. K. Harris for Respondents.

THE COURT.—The action arises out of conflicting claims to the use of the waters of Kings River. Plaintiffs

had judgment and the appeal is by defendants, The People's Ditch Company, The Last Chance Water Ditch Company, The Lemoore Canal and Irrigation Company and Lower Kings River Water Ditch Company, from said judgment. The defendants, Lake Land Canal and Irrigation Company and the Union Water Ditch Company, have not appealed.

This action and two others (*Stinson Canal & Irr. Co.* v. *Lemoore Canal & Irr. Co. et al., etc.,* Interveners, and *Stinson Canal & Irr. Co.* and *Crescent Canal Co.* v. *People's Ditch Co. et al.*) were consolidated in the court below and tried together. An opinion reversing the judgments and orders in the other cases was filed in this court on the twenty-fourth day of December, 1919. (See *ante,* p. 241, [188 Pac. 77].)

The object of this action by the plaintiffs was to establish the riparian character of their lands (described in the complaint) and to obtain injunctive relief against the alleged acts of the defendants in interfering with the riparian rights of plaintiffs.

The complaint, by appropriate averments, sets up the riparian rights of the plaintiffs, alleging that their lands (described in the complaint) are situated and border upon and along Kings River, a natural watercourse, and upon and along certain branches of said river; alleges that the use of water from said river and its tributaries and branches is necessary for the purpose of properly farming said lands, and that the defendants are and have been for a long period of time taking from said river and diverting to and upon their lands larger quantities of water than are necessary for their legitimate uses or quantities far in excess of the amounts which they (defendants) can or ever have put to a beneficial use and are thus interfering with the rights of plaintiffs as riparian owners.

The People's Ditch Company and The Last Chance Water Ditch Company filed an answer to the complaint, denying certain allegations thereof and affirmatively alleging: That The People's Ditch Company, since 1873, and The Last Chance Water Ditch Company, since 1874, have been the owners, respectively, of large water ditches, for the purposes of irrigation, watering of livestock, etc., and that each of said defendants has appropriated and diverted from Kings River six hundred cubic feet of water per second.

The beneficial use of such water was alleged, as was also the open, notorious, and adverse possession thereof.

The Lemoore Canal and Irrigation Company also filed an answer, setting forth that, in 1902, it purchased from Lower Kings River Water Ditch Company all its property, including canals, ditches, and the right to appropriate six hundred cubic feet per second of water, which ditches and water right had been owned by the latter company since 1873.

Appellants contend that the following findings of the court are not supported by the evidence:

1. That Kings River is a natural watercourse where it crosses the lands of plaintiffs and that plaintiffs' lands are riparian.

2. That The People's Ditch Company has diverted and put to a beneficial use only 360 cubic feet of water per second.

3. That The Last Chance Water Ditch Company has diverted and put to a beneficial use only 250 cubic feet of water per second.

4. That The Lower Kings River Water Ditch Company and its successor, The Lemoore Canal and Irrigation Company, have diverted and put to a beneficial use only 250 cubic feet of water per second.

As is stated in the opinion in *Stinson Canal & Irr. Co.* v. *Lemoore Canal & Irr. Co., etc., supra,* there is but one bill of exceptions in all three cases. With the exception of the testimony addressed to the question of the riparian character of the lands of plaintiffs, the evidence is precisely the same in this as in the other cases—that is, upon the question of the quantity of water necessary for the purposes of the defendants and that which they claim they have for many years diverted from Kings River and used upon their lands for a beneficial purpose, the evidence is the same in this action as in the other cases. The findings as to the quantity of water to which the defendants were found by the court to be entitled are the same in all three cases. The rulings upon the evidence of which the defendants complain in this action, with the exception of those with respect to the evidence bearing upon the question of the riparian character of the lands of plaintiffs, are precisely the same

as those made in the other actions. Indeed, the rulings here complained of, with the exception above indicated, are the very same rulings and refer to evidence bearing upon the question (as vital in one action as in the others) of the quantity of water which the defendants claimed the right to divert from Kings River and which they claimed they had for many years prior to the institution of these actions so diverted upon their lands and put to a beneficial use. The criticism made by defendants of the manner in which the case was tried below is as applicable to this as to the other actions, since the said criticism grows out of and is founded upon precisely the same rulings and the same alleged hostile or impatient attitude of the trial judge toward witnesses introduced by the defendants to support the claims of their answers.

[1] In view of the foregoing situation, what is said and the conclusion arrived at in the opinion of this court in *Stinson Canal & Irr. Co.* v. *Lemoore Canal & Irr. Co. et al.,* and *Stinson Canal & Irr. Co.* v. *People's Ditch Co. et al., supra,* are applicable to this case. In those cases, the plaintiffs, as appropriators, claimed the right to divert a certain quantity of water from Kings River to and upon their lands and alleged that the defendants were wrongfully interfering with that right. It was not claimed in those actions, nor is it claimed here, that the defendants were not entitled to take water from said river for their purposes, but that they were and had been so diverting water in quantities far in excess of the amounts necessary for their purposes or which had been or could be put by them to a beneficial use, and that in so doing they had impaired and were impairing the right of the plaintiffs to take the amount of water necessary for the proper irrigation of their lands and such other necessary uses as are incidental to the business of farming. In those cases, then, the vital question involved was as to the amount of water which each of the contending litigants was entitled to divert from Kings River to be used for a beneficial purpose. So, in the case now before us, as above stated, aside from the question of the riparian character of the lands of plaintiffs, the vital question was as to the respective quantities of water necessary for a beneficial purpose the parties hereto were entitled to take from said river. And it is as to the testimony addressed to

that proposition as it affected all three of the cases that the complaints are made by the defendants of the rulings and of the manner generally in which the case was tried and upon which complaints we predicated our judgment of reversal in the other cases.

It follows that, upon the authority of the opinion in *Stinson Canal & Irr. Co.* v. *Lemoore Canal & Irr. Co. et al.,* and *Stinson Canal & Irr. Co. et al.* v. *People's Ditch Co. et al., supra,* the judgment and the order herein must be reversed, and it is so ordered.